FILED BY _AC_ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

05 AUG 16 AM 11: 27

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

LYNNE ZAGER and
TOBY ALTFIELD,

    Plaintiffs,

v.                              No. 1-03-1153

GARY DEATON doing business as
DEATON'S CARPET ONE,

    Defendant.

---

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This lawsuit was brought by the Plaintiffs, Lynne Zager and Toby Altfield, against the Defendant, Gary Deaton doing business as Deaton's Carpet One ("Deaton"), alleging violation of the Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681, et seq. ("FCRA"). Before the Court is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Plaintiffs have filed a response and the motion is now appropriate for disposition.

FACTS

Defendant is a carpet and flooring business in Jackson, Tennessee. (Statement Undisputed Facts at 1.) On October 26, 2000, Zager entered into a written contract with Deaton for the purchase and installation of flooring at her residence. (Statement Undisputed Facts at 1.) The total bill was over $6,000.00 and Plaintiff made a down payment of $3,000.00 with her credit card on the date of the sale. (Statement Undisputed Facts at 1.) Jim Harris, a salesman for the Defendant, attempted to process the transaction. However, when Harris charged the $3,000.00 to Zager's credit card, he mistakenly voided the transaction leaving a negative $3,000.00 balance. (Statement Undisputed Facts at 2.) According

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-18-05



to the Defendant, Harris attempted to then charge $6,000.00 on the credit card, thereby voiding the negative $3,000.00 balance and leaving $3,000.00 as the amount of the down payment. (Statement Undisputed Facts at 2.) However, Harris again apparently voided this entry which left a negative $9,000.00 sale on Zager's card. (Statement Undisputed Facts at 2.) Defendant's office manager eventually resolved the problem charging Plaintiff only $3,000.00. (Statement Undisputed Facts at 2.) However, both parties concede that the "voids" did not show up on Plaintiff's credit card statement which instead indicated that she had been charged a total of $12,000.00. (Statement Undisputed Facts at 2; Resp. Statement Undisputed Facts at 2.) Deaton claims that "when [it] became aware of the error, it notified Plaintiff and immediately corrected the error." (Statement Undisputed Facts at 2.) In response, Zager asserts that Defendant never notified her of the alleged error and that Deaton had use of the $9,000.00 overcharge until November 9, 2000. (Resp. Statement Undisputed Facts at 3.) Nevertheless, according to the Defendant, Zager failed to pay the remainder of the contractual amount ($3,000.00), and consequently, Deaton reported Plaintiff's non-payment to the Credit Bureau of Jackson (Tennessee). (Statement Undisputed Facts at 2.) Plaintiff denies that she failed to pay the remaining balance. (Resp. Statement Undisputed Facts at 3.) Deaton also reported Plaintiff Altfield, Zager's husband, to the Credit Bureau even though he was not a party to the transaction between Defendant and Zager. (Resp. Statement Undisputed Facts at 3.) As a result of the Defendant's reporting to the credit agency, Zager was denied a loan from First Tennessee Bank. (Compl. at 4.)

Plaintiffs initiated this action for monetary damages based on the FCRA. Specifically, Plaintiffs seek to recover under 15 U.S.C. § 1681s-2(a)(1), (2), & (3) and -2(b)(1). Plaintiffs also claim that Deaton is liable for the tort of conversion under Tennessee common law.

## STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S.Ct. at 2552. In this circuit, "this requires the nonmoving part[ies] to 'put up or shut up' [on] the critical issues of [their] asserted causes of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)). The "judge may not make credibility

determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## ANALYSIS

The purpose of FCRA is to ensure "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . ." 15 U.S.C. § 1681(b); Trikas v. Universal Card Servs. Corp. (UCS), 351 F. Supp. 2d 37, 41 (E.D.N.Y. 2005). Sections 1681n and 1681o of the statute provide for a private right of action by a consumer for willful or negligent violations of the statute's provisions. 15 U.S.C. § 1681n(a) (providing that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer"); see also 15 U.S.C. § 1681o(a) (allowing a consumer to recover against a person who negligently fails to comply with any requirement of this subchapter).

The Plaintiffs have alleged that Deaton violated § 1681s-2(a)(1) of the statute, which states in pertinent part that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Subsection (a)(2) requires a person who has furnished information which is not complete or accurate to a consumer reporting agency to promptly notify the agency of that determination and provide any correct information. 15 U.S.C. § 1681s-2(a)(2). Similarly, subsection (a)(3) instructs a person who has furnished information to a consumer reporting agency to disclose whether the information is disputed. 15 U.S.C. § 1681s-2(a)(3).

However, there is no private right of action under subsection (a). Section 1681s-2(c)(1) plainly states that "sections 1681n and 1681o do not apply to any violation of . . . subsection (a) of this section."

4

15 U.S.C. § 1681s-2(c)(1); see also Beattie v. Nations Credit Fin. Servs. Corp., No. 02-1744, 2003 WL 21480586, at *5 (4th Cir. May 27, 2003); Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 11 (D. Mass. 2004); Zotta v. NationsCredit Fin. Servs. Corp., 297 F. Supp. 2d 1196, 1204 n.6 (E.D. Mo. 2003); Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 782-83 (W.D. Ky. 2003); Carney v. Experian Info. Solutions, Inc., 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999). Furthermore, subsection (d) of 15 U.S.C. § 1681s-2 limits enforcement of the provisions of § 1681s-2(a) exclusively to "Federal agencies and officials and . . . State officials . . ." 15 U.S.C. § 1681s-2(d); Gibbs, 336 F. Supp. 2d at 11; Zotta, 297 F. Supp. 2d at 1204 n.6. As the Plaintiffs cannot maintain an action under § 1681s-2(a), the Defendant's motion for summary judgment as to those claims is GRANTED.

Unlike subsection (a), some courts have assumed § 1681s-2(b) is amenable to consumer lawsuits. See Downs v. Clayton Homes, Inc., Nos. 03-5259, 03-6055, 2004 WL 253363, at *2 (6th Cir. Feb. 9, 2004) (court assumed for purposes of motion that a private right of action existed under subsection (b)); Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 629 (5th Cir. 2002) (without deciding the issue, the court noted that § 1681s-2(b) "appears" to impose civil liability, permitting a private right of action); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002) (based on language of the statute and legislative history, court concluded private right of action exists under subsection (b)); Gibbs, 336 F. Supp. 2d at 11 ("While there is not unanimity on the issue, the majority of courts that have considered the issue have concluded that there is a private cause of action under § 1681s-2(b) as there is no statutory ban on such a claim"); contra Carney, 57 F. Supp. 2d at 502 (the magistrate judge held that "an individual . . . cannot state a claim under 15 U.S.C. § 1681s-2(b)). Because both the Plaintiffs and Defendant do not dispute that there is a private right of action under subsection (b), the Court will assume for purposes of this motion that a private right of action

5

does exist.

> Subsection (b) provides as follows:
>
> After receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation . . ., for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>
> > (i) modify that item of information;
> > (ii) delete that item of information; or
> > (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). In Downs, the Sixth Circuit, following the Fifth Circuit's decision in Young, analyzed a subsection (b) claim as follows:

> [u]nder the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished. . . . [T]he plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed.

Downs, 2004 WL 253363, at *2 (citing Young, 294 F.3d at 639-40).

Defendant contends that it never received notice from a credit reporting agency of any consumer disputes by the Plaintiffs. (Mem. Law Supp. Mot. Summ. J. at 8 ("Def. Mem.").) Deaton relies upon

6

the decision of Whisenant v. First National Bank & Trust Co., 258 F. Supp. 2d 1312 (N.D. Okla. 2003) in which the court held that

> [p]laintiffs have produced not one scintilla of evidence that [the credit reporting agencies] notified [the defendant] of their dispute. Obviously [the defendant] knew of plaintiffs' dispute. Furthermore, the record indicates that [the defendant] was in fairly regular contact with [the reporting agencies] regarding the software conversion errors that occurred in early 1999. But these facts simply do not speak to whether [the agencies] notified [the defendant] of plaintiffs' dispute. Again, in order to trigger the duties under the FCRA, [the defendant] had to be notified of plaintiffs' dispute *by a credit reporting agency.*

Id. at 1316 (emphasis in original). Defendant Deaton has submitted his affidavit wherein he attested that "[t]he Credit Bureau of Jackson never contacted [him or] Deaton's Carpet One in any way of Plaintiffs' dispute of the bill." (Affidavit of Gary Deaton ¶ 8.)

In response, Plaintiffs assert that Deaton had actual notice and was therefore required to conduct an investigation of the consumer dispute. (Resp. Mot. Summ. J. at 3.) Plaintiffs also object to Deaton's affidavit as inadmissible hearsay and argue that his statement is "contradicted by the fact that the reporting agency removed the adverse report because of Defendant's non response." (Resp. Mot. Summ. J. at 3.) Furthermore, because discovery had not yet been completed at the time Plaintiffs' response to the motion was due, they submit it was impossible to know whether Deaton ever received notice from the credit reporting agency. (Resp. Mot. Summ. J. at 3.) Plaintiffs contend that other employees of the company could also have received the notice.

The Court finds the Plaintiffs' arguments unavailing. As indicated by the Sixth Circuit in Downs, the Plaintiffs must show that Deaton received notice from the reporting agency, not from Zager, that the credit information was disputed. Downs, 2004 WL 253363, at *2 (citing Young, 294 F.3d at 639-40); see also Whisenant, 258 F. Supp. 2d at 1316. Therefore, the fact that Defendant had actual notice of the dispute is irrelevant. A furnisher of incorrect credit information must have received notice

7

from the credit reporting agency in order for subsection (b) duties to be triggered. Id. As for Deaton's affidavit, the Plaintiffs have made unsupported allegations that it is hearsay. However, Deaton has submitted his statement based on his personal knowledge. (See Deaton aff. at 1.) The Plaintiffs have cited to no case or Federal Rule of Evidence which would support the exclusion of the affidavit. (Resp. Mot. Summ. J. at 3.) See Fed. R. Civ. P. 56(e) (supporting affidavits are to made on personal knowledge and may form the basis for summary judgment).

With respect to the Plaintiffs' argument that Deaton's affidavit is contradicted by the fact that "the reporting agency removed the adverse report because of Defendant's non response," the Court concludes that this position may actually bolster Deaton's statement because it is equally plausible that he did not respond to the credit reporting agency's letter because he never received one. (Resp. Mot. Summ. J. at 3.) Furthermore, Plaintiffs' suggestions that other employees of the company could have received the notice and that summary judgment should be denied since discovery had not been taken at the time Plaintiffs filed their response are baseless. According to the Amended Scheduling Order entered by Magistrate Judge S. Thomas Anderson on March 15, 2005, the deadline for completing all discovery was May 2, 2005. To date, the Plaintiffs have not submitted any supplemental evidence demonstrating that Defendant received notice from the reporting agency or establishing that another employee may have received such notice. Thus, the Court concludes that the Plaintiffs have failed to create a genuine issue of material fact as to whether Deaton received notice of the dispute from the credit reporting agency. As notification by Plaintiffs does not satisfy the statute's notice requirement, they have no claim under § 1681s-2(b). See Downs, 2004 WL 253363, at *2 (citing Young, 294 F.3d at 639-40).

8

With the resolution of Plaintiffs' federal claims, the only remaining cause of action falls under Tennessee state law. The acceptance by a district court of supplemental or pendent jurisdiction over state law claims is governed by 28 U.S.C. § 1367, which expressly permits a court to decline the exercise of jurisdiction when it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Without any remaining federal claims against the Defendant, the Court declines to exercise jurisdiction over the Plaintiffs' state law claim of conversion and thus DISMISSES it without prejudice. See Weeks v. Portage County Executive Offices, 235 F.3d 275, 279-80 (6th Cir. 2000) (district court's decision to decline to exercise supplemental jurisdiction lies within its sound discretion).

## CONCLUSION

For the reasons set forth herein, the motion of the Defendant for summary judgment is GRANTED and the Clerk of Court is directed to enter judgment in accordance herewith.

IT IS SO ORDERED this 16th day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 1:03-CV-01153 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

---

Steven W. Maroney
TEEL MCCORMACK & MARONEY
87 Murray Guard Dr.
Jackson, TN 38305

David Young Parker
LAW OFFICE OF DAVID PARKER
714 Russell St.
Nashville, TN 37219--061

Honorable J. Breen
US DISTRICT COURT